**Wayne and Maricar KNOWLES, H/W, Appellees**

v.

**Richard M. LEVAN, Executor of the Estate of Regina Levan, Deceased, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 7, 2010.
Filed Feb. 15, 2011.

David E. Cook, York, appellant.

Christopher A. Bradley, Philadelphia, for appellees.

BEFORE: STEVENS, SHOGAN and MUNDY, JJ.

OPINION BY SHOGAN, J.:

Appellant, Richard M. Levan, executor of the estate of Regina Levan, deceased, appeals from the judgment entered on March 1, 2010, in favor of Appellees, Wayne and Maricar Knowles. On appeal, Appellant challenges the admissibility of evidence relating to the deceased's consumption of drugs and alcohol prior to an auto accident where the deceased's negligence was conceded and the trial was on damages alone. We hold that the trial court erred in admitting said evidence, but for the reasons that follow, we affirm.

The record reflects that at approximately 1:00 a.m. on May 28, 2007, Appellees were traveling north in the northbound lane of Interstate 81 in Dauphin County. At this time, Mrs. Levan, the decedent, entered the northbound lane of the highway while traveling south. Mrs. Levan struck the Appellees in a head-on collision.[1] The collision caused injuries to Appellees and resulted in the death of Mrs. Levan.

On February 13, 2008, Appellees timely initiated a personal injury action against Appellant as executor of the estate of Mrs. Levan. Appellees complaint did not seek punitive damages. Appellant conceded liability and negligence on Mrs. Levan's behalf, and the case proceeded to trial on damages only. Prior to trial, however, Appellant filed a motion *in limine* to preclude testimony regarding Mrs. Levan's use of cocaine and alcohol prior to the accident. The trial court denied the motion ruling that the evidence would be admissible to tell Appellees' story and illustrate how the accident occurred. The jury was informed of Mrs. Levan's consumption of cocaine and that her blood alcohol concentration ("BAC") was .227. Moreover, the trial court instructed Appellant's counsel to inform the jury that a person with a BAC over .08 exceeded the legal limit for driving, and further instructed that if Appellant's counsel did not inform the jury of this fact, then she (the trial court) would. At the conclusion of the trial, the jury awarded Mr. Knowles $250,000.00 in damages and awarded Mrs. Knowles $4,000.00 in damages. Appellant filed a timely post-trial motion seeking a new trial and challenged the award to Mr. Knowles, asserting that the trial court erred in denying Appellant's motion *in limine*, thus allowing the jury to hear that Mrs. Levan had ingested cocaine and alcohol prior to the accident. The trial court denied the post-trial motion, and Appellant filed the instant appeal.

On appeal, Appellant raises three issues:

I. Whether defendant should be awarded a new trial as the evidence of blood alcohol content and use of cocaine was improprely [sic] admitted as such evidence was not relevant to the issue of damages which was the sole issue before the jury.

II. Whether defendant should be awarded a new trial as the verdict was excessive and the result of prejudice or sympathy caused by the introduction of the evidence of blood alcohol level and/or consumption of illegal drugs.

III. Whether defendant should be awarded a new trial as the trial court improperly admitted evidence and/or advised the jury of the legal limit for driving under the influence and/or that decedant's [sic] blood alcohol level was above the legal limit.

1. Mrs. Knowles was 13 weeks pregnant at the time of the accident.

Appellant's Brief at 5 (full capitalization omitted). All of Appellant's issues center on the trial court's decision to allow the jury to hear about the drugs and alcohol present in Mrs. Levan's bloodstream. Thus, we will address these three issues concurrently.

■ As noted, Appellant filed a post-trial motion seeking a new trial.

Consideration of all new trial claims is grounded firmly in the harmless error doctrine which underlies every decision to grant or deny a new trial. A new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would have ruled differently; the moving party must demonstrate to the trial court that he or she has suffered prejudice from the mistake. Once the trial court passes on the moving party's claim, the scope and standard of appellate review coalesce in relation to the reasons the trial court stated for the action it took. Where the court is presented with a finite set of reasons supporting or opposing its disposition and the court limits its ruling by reference to those same reasons, our scope of review is similarly limited. Thus, where the trial court articulates a single mistake (or a finite set of mistakes), the appellate court's review is limited in scope to the stated reason, and the appellate court must review that reason under the appropriate standard. *Rettger v. UPMC Shadyside*, 991 A.2d 915, 923–924 (Pa.Super.2010) (internal citations and quotation marks omitted).

■ Additionally, it is well settled that the admissibility of evidence is a determination left to the sound discretion of the trial court, and it will not be overturned absent an abuse of discretion or misapplication of law. *Reott v. Asia Trend, Inc.*, 7 A.3d 830, 839 (Pa.Super.2010). Moreover, in order for a ruling on the admissibility of evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party. *Id.*

■ At the outset, we agree that the evidence of Ms. Levan's alcohol and drug consumption, coupled with the trial court's admonishment to Appellant's counsel to inform the jury as to the legal limit for intoxication by alcohol,[2] was improperly admitted and find informative the common pleas court cases cited by Appellant.[3] *See Warburton v. Eister*, 37 Pa. D & C.3d 385, 387 (Northumberland County 1985) (holding that where liability is admitted, the lone issue is damages, and there is no justification to admit into evidence any facts concerning the occurrence or causation of the accident as defendant's admission of liability renders all such evidence irrelevant. "To allow evidence that it was defendant's fault because he was drunk adds nothing to the issue of how much plaintiff was injured. Such evidence may in fact only raise a new issue in the jury's mind; how much should defendant be punished for his drunk driving . . . ."); *see also Kuehn v. Morgan*, 62 Pa. D & C.4th

---

**2.** We further agree with Appellant that there was no reason to inform the jury as to Pennsylvania's legal limit for BAC. However, and as will be discussed below, we conclude that the errors committed by the trial court in this instance were harmless and remedied by the court's cautionary instruction. Thus, under the limited circumstances presented here, we conclude the errors do not require reversal in this instance.

**3.** Neither Appellant nor our own independent research uncovered any binding precedent on this issue, and the question of the admissibility of intoxication to illustrate how an accident occurred, when negligence is conceded, appears to be an issue of first impression in this Court.

509, 513 (Lehigh County 2002) (stating that while intoxication is relevant to punitive damages, defendant's consumption of alcohol is not relevant or admissible to prove defendant's negligence because defendant has conceded that point). However, in this instance we are constrained to conclude that any error was harmless as it did not affect the verdict.[4]

Here, Appellant admitted negligence, and the issue at trial was the amount of damages owed. The verdict resulted in an award of $250,000.00 for Mr. Knowles and $4,000.00 for Mrs. Knowles. Even if the evidence of intoxication had been prohibited, the record reveals that in the early morning of May 28, 2007, Mrs. Levan was traveling on a divided four-lane highway. She was traveling south in the northbound lane. Mrs. Levan's vehicle struck Mr. Knowles' vehicle head-on and caused injuries to both he and his wife. The record reflects that Mr. Knowles was trapped in the car, and the impact was severe enough to require that the roof of the car be cut away to extricate Mr. Knowles. N.T. 10/5/09, at 32–34. Mr. Knowles suffered injuries to his right knee including having a bone protrude through the skin on the left side of his right knee. *Id.* at 34. Mr. Knowles was airlifted to Hershey Medical Center, and his injuries required surgery. *Id.* at 35–36. Mr. Knowles endured a long recovery and still has pain. *Id.* at 42–48. The injuries restricted his mobility, his activities, and his hobbies. *Id.*

Additionally, and as mentioned above, Mrs. Knowles testified that she was 13 weeks pregnant at the time of the accident. *Id.* at 56. She received injuries to her knees, face, and ribs. *Id.* at 58. Mrs. Knowles did not miscarry, but she did

suffer a lacerated liver. *Id.* at 60. The doctors at the hospital did not perform surgery on her liver because she was pregnant. *Id.*

It is not the Appellant's place to value the injuries, pain, suffering, loss of life's pleasures, and emotional trauma associated with being struck head-on by a motorist, who, for whatever reason, was driving in the wrong direction on a divided highway. That determination was for the jury. Despite its mistake in allowing evidence relating to drugs and alcohol, we agree with the trial court that the verdicts were reasonable given the type of accident and injuries in this case.

■■■ Furthermore, the trial court provided a cautionary instruction regarding the evidence of drug and alcohol use. The trial court directed as follows:

> You received in this case evidence of the fact that [Ms. Levan] had a very high blood alcohol content and also had the substance of cocaine in her system.
>
> The only reason that that was permitted to be introduced as evidence to you was to set the stage so you understood probably how this accident occurred.
>
> But [Appellant] has admitted negligence. The fact that [Ms. Levan] was driving intoxicated and under the influence of alcohol and drugs has no impact on the amount of damages. The amount of damages must be based upon the outline that I have given you today.

N.T., 10/6/09, at 113–114 (jury instructions). It is well settled that the jury is presumed to follow the court's instructions. *Paves v. Corson,* 569 Pa. 171, 178, 801 A.2d 546, 550 (2002).

---

4. As noted above, harmless error must be considered when evaluating any claim for a new trial. *Rettger, supra.* Moreover, harmless error is defined as an error that does not affect the verdict. *Yacoub v. Lehigh Valley Medical Associates, P.C.,* 805 A.2d 579, 590 (Pa.Super.2002).

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, the judgment is affirmed.

Judgment affirmed.